SAMUEL SCHROEDER, Respondent, v. JOHN V. FAIRES, Appellant.

Kansas City Court of Appeals, April 25, 1892.

Agistment: LIABILITY FOR VICIOUS ANIMAL.   Where an agister has knowledge of the vicious character of a horse in his pasture, he will be liable for injuries such horse may inflict on other animals taken for pasture.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*C. B. Sebastian,* for appellant.

The demurrer should have been given, and the judgment rendered for the defendant, because there is no evidence showing that the injuries complained of were occasioned by the negligence of the defendant.

*Turner, Hinton & Turner* and *Joe H. Cupp,* for respondent.

This court will not review questions touching the weight of evidence.   *Krider v. Milner,* 99 Mo. 145, and cases cited.   Then the sole question for this court to consider on this first point is, whether or not there was any evidence to support the verdict and judgment of

Schroeder v. Faires.

the trial court. There was abundance of evidence to justify the trial court in not sustaining appellant's demurrer to the respondent's evidence.

ELLISON, J.—Plaintiff sued defendant for damages on account of injuries inflicted on his yearling colt, and recovered judgment.

The evidence tended to show that defendant, in the character of an agister, took the colt to pasture at his farm in the spring of 1891, but that on its becoming sick with distemper he had plaintiff take it away, with the understanding that it should be returned during the summer; that in July defendant told him to turn it in the pasture, which he did; that defendant had then in the pasture, unknown to plaintiff, a dangerous and vicious horse, known as the Pape horse, and that this horse kicked the colt on the leg, breaking it, so that it was necessary to kill the colt. There was evidence tending also to show, in our opinion, that defendant knew of the vicious and dangerous character of the Pape horse, and, also, evidence from which it may legitimately be inferred that defendant knew plaintiff's colt had not been altered. The fact of the colt's age, and that he had been in the pasture only a few months before, together with the testimony that " it was perfectly apparent that he was a stud," is enough to justify a finding of knowledge. The statement, said to have been made by plaintiff to defendant when he returned the colt to the pasture, that " he was all right," evidently had reference to the distemper with which it had been afflicted. We need not go further into an analysis of the evidence, since what we have said disposes of the defendant's contentions, and will only add that there is nothing in the case which would justify us in overturning the finding made by the trial court. The judgment is affirmed. All concur.